**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000311
20-JUL-2012
10:29 AM**

NO. CAAP-11-0000311

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
JACOBE AKIU, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-CR NO. 11-1-1048)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Reifurth, JJ.)

Defendant-Appellant Jacobe Akiu ("Akiu") appeals from the March 1, 2011 Judgment of Conviction and Sentence; Notice of Entry of the Family Court of the First Circuit ("Family Court").[1/] Akiu was convicted of violating a temporary restraining order ("TRO") in violation of Hawaii Revised Statutes ("HRS") § 586-4 (2006 & Supp. 2011).[2/]

On appeal, Akiu contends that the Family Court erred in denying his motion to dismiss because (1) "[t]he complaint lacks the specificity required by the Hawaii Supreme Court's holding in *State v. Jendrusch*, 58 Haw. 279, 567 P.2d 1242 (1977)"; (2) "[t]he complaint failed to allege an attendant circumstance of Appellant *knowing* that a [TRO] had been granted against him"; and (3) the warning in the TRO issued by the Family Court on December 8, 2010 was legally insufficient to put Akiu on notice of the existence of the TRO. Akiu further contends that (4) there is insufficient evidence to support a conviction and/or

---

[1/]    The Honorable Fa'auuga To'oto'o presided.

[2/]    Pursuant to HRS § 586-4(e), "when a temporary restraining order is granted and the respondent or person to be restrained knows of the order, a knowing or intentional violation of the restraining order is a misdemeanor." HAW. REV. STAT. § 586-4(e) (2006).

that the violation of the TRO was a *de minimis* infraction.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Akiu's points of error as follows:

(1) Akiu contends that the charge was insufficiently specific because it was not "drawn in the language of the statute." More specifically, "it does not specify which of the three (3) acts in HRS, § 586-4(a)(1), (2), or (3) [Akiu] allegedly violated."

Appellee State of Hawai'i ("State") was not required to include a reference to any provision in HRS § 586-4(a) in the charge. An "accusation must sufficiently allege all of the essential elements of the offense charged." *State v. Jendrusch*, 58 Haw. 279, 281, 567 P.2d 1242, 1244 (1977). Section 586-4(a) does not detail the elements of the offense. Instead, the elements are found in HRS § 586-4(e). Thus, the charge need not reference terms from HRS § 586-4(a).

"Where the statute sets forth with reasonable clarity all essential elements of the crime intended to be punished, and fully defines the offense in unmistakable terms readily comprehensible to persons of a common understanding, a charge drawn in the language of the statute is sufficient." *Jendrusch*, 58 Haw. at 282, 567 P.2d at 1245. Akiu's crime was defined as follows: "When a temporary restraining order is granted and the respondent or person to be restrained knows of the order, a knowing or intentional violation of the restraining order is a misdemeanor." HAW. REV. STAT. § 586-4(e).

Here, the essential elements require that Akiu "(1) knew that a TRO had been granted against him (attendant circumstances), and (2) knowingly or intentionally violated that TRO (conduct)." *State v. Dilliner*, 114 Hawai'i 518, 529, 164 P.3d 776, 787 (App. 2007) (internal quotation marks and brackets omitted). The charge here stated that Akiu "did intentionally or knowingly violate the [TRO.]" Thus, the charge is legally sufficient because it tracks the essential elements in HRS § 586-4(e).

2

(2) As noted above, the attendant circumstance in this case is that Akiu knew that a TRO had been granted against him. *Dilliner*, 114 Hawai'i at 529, 164 P.3d at 787. Since Akiu was charged with "intentionally or knowingly violat[ing] the [TRO]," he was implicitly charged with knowledge of the existence of the TRO.

(3) Akiu contends that the TRO itself is insufficient because the explicit warning that "ANY VIOLATION OF THIS TEMPORARY RESTRAINING ORDER IS A MISDEMEANOR AND PUNISHABLE BY A JAIL SENTENCE OF UP TO ONE YEAR AND/OR UP TO A $1,000 FINE" did not sufficiently advise him of "(1) what constitutes a violation of *586-4* and (2) what the penalties are." Even if we assume that the TRO recipient is entitled to notice of what the penalties are for a violation of the TRO, the argument ignores the fact that a knowing violation of the TRO is by definition a violation of HRS § 586-4(e) and does not explain how the TRO's notice provision fails to afford any necessary notice of the related penalties. As such, the Family Court did not err in concluding that the complaint set forth the essential elements of the charged offense and, therefore, it did not abuse its discretion in denying Akiu's motion to dismiss on that basis.

(4) The State presented evidence that Akiu was served with the TRO in question on December 10, 2010, and that the TRO ordered, among other things, that Akiu not contact the complaining witness ("CW") or approach or come within one hundred feet of CW, her home, or her place of employment. Akiu's company truck was parked outside the CW's place of employment at the time that CW got off work on the night of January 13, 2011. A few moments later Akiu, in his truck, pulled up alongside the CW's car while she was stopped at a red light on Kamehameha Highway in Kane'ohe, rolled down his truck window, and appeared to say "I want to talk to you." Taking the evidence in the light most favorable to the State, as we must, *State v. Richie*, 88 Hawai'i 19, 33, 960 P.2d 1227, 1241 (1998), sufficient evidence was presented for conviction.

As to Akiu's contention that the Family Court erred in failing to dismiss on the basis that the alleged violation was *de*

*minimis*, Akiu's conduct does not constitute a *de minimis* infraction because it "actually cause[d] or threaten[ed] the harm or evil sought to be prevented by the law[.]" HAW. REV. STAT. § 702-236(1)(b) (1993); *see State v. Wise*, 107 Hawaiʻi 67, 71, 109 P.3d 708, 712 (App. 2005) ("the plain and obvious purpose of the HRS § 586-4[(e)] misdemeanor is to prevent violations of the TRO"). CW saw Akiu's company truck in the parking lot of her place of work late at night when she was done working. Shortly after CW began to drive home, Akiu pulled up next to CW in his work truck, rolled down his window, and did in fact, contact her. His actions violated the TRO and threatened CW to such an extent that she broke off the contact by illegally running a red light, and driving across the intersection to the police station. Under the circumstances, we find no abuse of discretion.

Therefore, the March 1, 2011 Judgment of Conviction and Sentence; Notice of Entry, entered in the Family Court of the First Circuit, is affirmed.

DATED: Honolulu, Hawaiʻi, July 20, 2012.

On the briefs:

Christopher R. Evans
for Defendant-Appellant.

James M. Anderson,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge

4